IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

EUGENE LOYD, )
) Civil Action No: 3:04-627-MBS-BM
Plaintiff, )
)
v. )
) **REPORT AND RECOMMENDATION**
THE UNIVERSITY OF SOUTH CAROLINA, )
)
Defendant. )
)

This action has been filed by the Plaintiff pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et. seq.. Plaintiff, an African-American, alleges that he was discriminated against by the Defendant on the basis of his race.

The Defendant filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on September 30, 2005. Plaintiff filed a memorandum in opposition to the Defendant's motion on October 25, 2005, and Defendant filed a reply memorandum on November 4, 2005. Defendant's motion is now before the Court for disposition.[1]

[1]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), D.S.C. The Defendant has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.





## **Background and Evidence**[2]

Plaintiff began working for the Defendant in 1980 in the maintenance department. Plaintiff's Deposition, p. 7.[3] Plaintiff claims that he was discriminated against on the basis of his race when he failed to receive a promotion "sometime around" 1995, and again in March 1998. Plaintiff's Deposition, pp. 15-16. Plaintiff also claims he was denied positions on account of his race in the 1980s, and that he was not fairly compensated for work he performed training other employees in the late 1980s. Plaintiff's Deposition, pp. 14, 19.

On or about October 5, 1999, Plaintiff as well as some other maintenance employees of the Defendant filed a joint administrative charge of discrimination with the Equal Employment Opportunity Commission (EEOC). See Plaintiff's Deposition, p. 11; Defendant's Exhibit 1. The EEOC reviewed these complaints, which alleged discrimination between August 19, 1997 and October 1, 1999, for each individual listed on the administrative charge. Plaintiff's Deposition, p. 11; Defendant's Exhibit 1. After Plaintiff's receipt of a right to sue letter on May 21, 2001; see Plaintiff's Deposition, p. 11; Defendant's Exhibit 2; this action was filed in the United States District Court asserting claims for disparate treatment race discrimination.[4]

---

[2]The facts and evidence are considered and discussed hereinabove in the light most favorable to the Plaintiff, the party opposing summary judgment. Pittman v. Nelms, 87 F.3d 116, 118 (4th Cir. 1996).

[3]Plaintiff is currently retired but continues to work for the Defendant under the Teacher and Employee Retention Incentive (TERI) Program. Plaintiff's Deposition, p. 9.

[4]Plaintiff initially filed a joint lawsuit together with the other maintenance employees. That initial action was subsequently withdrawn so that each individual Plaintiff could separately pursue their own individual claims in this Court. However, the Complaint filed in this action sets forth Plaintiff's claims in only a general and conclusory fashion. The specific instances of discrimination alleged by the Plaintiff and discussed in this Report and Recommendation were obtained as a result (continued...)





**Discussion**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P.

Defendant argues in its motion for summary judgment that this case should be dismissed because Plaintiff's claim is time barred. After careful consideration of the arguments and exhibits presented, the undersigned is constrained to agree. Title VII requires that a claimant file a charge of discrimination with the EEOC within one hundred and eighty (180) days of the alleged discriminatory act or acts, or, if the alleged discrimination occurred in a "deferral state", within three hundred (300) days from the alleged discriminatory act or acts if the claimant initially institutes proceedings with the appropriate state agency, or within thirty (30) days of the state agency's termination of its proceedings, whichever is earlier. See 42 U.S.C. § 2000e-5(e).

Here, it is undisputed that South Carolina is a deferral state, and that the South Carolina Human Affairs Commission (SCHAC) is the appropriate state agency for purposes of initiating state proceedings. The record reflects that Plaintiff's administrative charge was forwarded

---

[4](…continued)
of Plaintiff's deposition testimony. See Plaintiff's Deposition, pp. 15-16, 19; see also Order filed February 15, 2005 (consent order regarding notification of claims being asserted).





to SCHAC by the EEOC on or about October 16, 1999, although it was investigated by the EEOC pursuant to a "work sharing agreement." Plaintiff's Deposition, Defendant's Exhibit 2. Therefore, Plaintiff had three hundred (300) days to file his administrative charge following a discriminatory act, and a failure by the Plaintiff to do so bars him from pursing a Title VII lawsuit in this Court with respect to any alleged discriminatory act which falls outside of this three hundred (300) day period. United Black Firefighters of Norfolk v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979); Mickel v. South Carolina State Employment Serv., 377 F.2d 239, 242 (4th Cir. 1967); see National RR Passenger Corp. v. Morgan, 536 U.S. 101, 110 (2002).[5]

Based on Plaintiff's administrative charge filing date of October 5, 1999, any failure to promote discrimination claims occurring prior to December 9, 1998 would not be actionable. Williams, 370 F.3d at 429; Morgan, 536 U.S. at 114. Here, Plaintiff testified that he applied for, but was denied, two positions in the 1980s, as well as a position around 1995 and another position in March 1998. Plaintiff's Deposition, pp. 14-16. These are, of course, separate and distinct acts

---

[5]A claimant may in some circumstances include claims beyond this three hundred (300) day period where the Defendant's conduct is deemed to be a "continuing violation." However, under the applicable caselaw, promotions are separate and distinct acts for purposes of a Title VII claim, and timely promotion claims may not therefore be considered as part of a "continuing violation" together with any prior (and untimely) allegedly discriminatory promotion decisions which involved the same claimant. See Morgan, 536 U.S. at 117 [finding that "discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice'," and prior discrete discriminatory acts which are not filed within the 300 day time limit "are untimely filed and no longer actionable."]; Williams v. Giant Food, Inc., 370 F.3d 423, 429 (4th Cir. 2004) [continuing violation doctrine does not apply to a failure to promote claim, as a promotion decision is a discreet act of discrimination]; *cf.* Huckabay v. Moore, 142 F.3d 233, 239 (5th Cir. 1998) [distinguishing applicability of the continuing violation theory to hostile work environment claims, for which it may be used, from other types of claims, such as failure to promote].





for purposes of a Title VII claim under Morgan and Williams. With respect to Plaintiff's claim that he was not properly compensated for work performed training other employees in the late 1980s, Plaintiff has presented no evidence or even argument to show that any such claim or conduct continued thereafter to bring this claim under the umbrella of a continuing violation. Huckabay, 142 F.3d at 239; *cf.* Morgan, 536 U.S. at 114 [holding that "salary discrimination" can be a discrete act]; see Plaintiff's Deposition, p. 19. Therefore, Plaintiff's denial of promotion claims as well as his compensation claim fall outside of the applicable three hundred (300) day claim period, and may not ordinarily be considered by this Court. While Plaintiff advances two arguments as to why his claims should be considered notwithstanding the three hundred (300) day time bar; hostile work environment and equitable estoppel; for the reasons set forth hereinbelow, the undersigned does not find that either of these arguments has any merit.[6]

First, Plaintiff has not set forth a claim of hostile work environment in this case. Rather, Plaintiff has testified only to incidents of alleged discrimination in promotion decisions and, separately, with regard to compensation. Plaintiff's Deposition, pp. 14-16, 19. Pursuant to this Court's order of February 15, 2005, Plaintiff was required to specifically identify the claim or claims he was asserting in this lawsuit, and no evidence, exhibits, or information have been submitted to this Court to show that any hostile work environment claim has been asserted by this

---

[6]Plaintiff also refers in his memorandum to the claims of other individuals who worked for the Defendant. However, the previous multi-Plaintiff case was dismissed specifically so that each Plaintiff could pursue their own, *individual*, claim against this Defendant. Neither this action, or even the prior multi-Plaintiff action, is or ever was a class action. Honor v. Booz-Allen & Hamilton, Inc., 383 F.3d 180, 190 (4th Cir. 2004) ["[A]n individual plaintiff in a private, non-class action alleging employment discrimination is not litigating common questions of fact, but the discrete question of whether the employer discriminated against the plaintiff in a specific instance."], (quoting Lowery v. Circuit City Stores, Inc., 158 F.3d 742, 761 (4th Cir. 1998)).





Plaintiff. Plaintiff cannot now change his theory of recovery, nor is the Defendant required to defend a claim which essentially becomes a "moving target" depending on the facts and arguments presented.

In any event, even if Plaintiff had asserted a hostile work environment claim in this case, "[i]ncidents outside of the statutory window are [nevertheless] time-barred unless they can be related to a timely incident as a 'series of separate but related acts' amounting to a continuing violation". Beall v. Abbott Laboratories, 130 F.3d 614, 620 (4th Cir. 1997), (citing Jenkins v. Home Ins. Co., 635 F.2d 310, 312 (4th Cir. 1980)); Morgan, 536 U.S. at 105 ["[C]onsideration of the entire scope of a hostile work environment claim, including behavior alleged outside the statutory time period, is permissible for the purposes of assessing liability, so long as any act contributing to that hostile work environment takes place within the statutory time period."]; Huckabay, 142 F.3d at 239. Plaintiff has identified no specific act contributing to any hostile work environment that took place within the statutory time period.

As for equitable estoppel, Plaintiff argues in his brief that "since the University let this Plaintiff and others similarly situated go through a seemingly endless labyrinth of complaints with no meaningful response, the Court should apply the equitable doctrine of estoppel as outlined by the Supreme Court in [Zipes v. Trans World Airlines, Inc., 455 U.S. 385 (1982)]." Plaintiff's Memorandum, p. 7. However, Plaintiff has pointed to no exhibits or even argument to support this general and conclusory statement, and the Court cannot not allow Plaintiff's Title VII claim to proceed based on such an unsubstantiated statement. See Estrella v. Bryant, 682 F.2d 814, 819 (9th Cir. 1982) [legal memoranda are not evidence and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment]; Gans v. Gray, 612 F.Supp. 608, 619





(E.D.Pa. 1985) [mere statements made in counsel's briefs are not evidence for the purpose of supporting or opposing a motion for summary judgment]; cf Martin v. Cavalier Hotel Corp., 48 F.3d 1343, 1358 (4th Cir. 1995) [counsel's statements are not evidence].

"Equitable relief is reserved for only the most deserving complainants," usually where there exists affirmative misconduct. Polsby v. Chase, 970 F.2d 1360, 1363 (4th Cir. 1992), vacated on other grounds, 113 S.Ct. 1940 (1993)

> Federal courts have typically extended equitable relief only sparingly. We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.

Polsby, 970 F.2d at 1363 (quoting Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)). Here, as noted, Plaintiff has presented no evidence whatsoever to show that he is entitled to equitable estoppel in this case. Ramirez v. City of San Antonio, 312 F.3d 178, 183 (5th Cir. 2002) ["The party who invokes equitable tolling bears the burden of demonstrating that it applies in his case."]; see also Madison v. St. Joseph Hospital, 949 F.Supp. 953, 960 (D.N.H. 1996).

In reaching the conclusion set forth herein, the undersigned is not signaling a lack of concern over Plaintiff's claim. However, the Fourth Circuit has strictly construed the statutory filing requirements for Title VII cases, holding that "[p]rocedural requirements...for gaining access to the...courts are not to be disregarded by courts out of a vague sympathy for particular litigants." Polsby, 970 F.2d at 1364, vacated on other grounds, 113 S.Ct. 1940 (1993), (quoting Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 152 (1984)); see Poteat v. Mack Trucks Inc., No. 96-1437, 1997 WL 33117, **4 (4th Cir. January 28, 1997); Chappell v. Emco Machine Works Co., 601





F.2d 1295, 1303 (5th Cir. 1979). Plaintiff failed to file his administrative charge within three hundred (300) days of the discrimination claims at issue. Based on this evidence, and in light of the applicable caselaw and statutory requirements, the undersigned has no choice but to find that Plaintiff's claims are time barred, and are therefore subject to dismissal.

## Conclusion

Based on the foregoing, it is recommended that the Defendant's motion for summary judgment be **granted**, and that this case be **dismissed**.

Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

August 2, 2006



